F I L E D
Clerk
District Court
MAY 23 2022
for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| BEST SUNSHINE INTERNATIONAL LTD. (BVI); IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COMMONWEALTH CASINO COMMISSION, AS AGENCY OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS,<br><br>Defendant. | Case No. 1:22-cv-00007<br><br>**TEMPORARY RESTRAINING ORDER** |

Upon the complaint of Plaintiffs Best Sunshine International Ltd. (BVI) and Imperial Pacific International (CNMI), LLC (collectively "Plaintiffs") (ECF No. 1), the affidavits of Tao Xing (ECF No. 7) and Samuel Salyer (ECF No. 8), sworn to on May 23, 2022 and the appendices and exhibits thereto (ECF Nos. 1-2 through 1-6), Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 5), and Memorandum in Support (ECF No. 6), dated May 23, 2022, and sufficient cause appearing, therefore, it is hereby **ORDERED**:

(1) Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, that pending the hearing and determination of plaintiffs' motion for a preliminary injunction, Defendant Commonwealth Casino Commission ("Defendant"), its Executive Director, employees, agents and attorneys, and all persons acting in concert with it or them, **shall immediately cease and desist from proceeding with Enforcement Action 2021-001-005 (consolidated) including convening**

**the Enforcement Hearing scheduled for May 24-25, 2022**;

(2) Defendant **show cause** before the Honorable Ramona V. Manglona, Judge of this Court, in the Third Floor Courtroom at 1671 Gualo Rai Road, Saipan, MP 96950 on **June 2, 2022 at 9:00 a.m.** why a preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, should not issue herein;

(3) **Defendant's answering papers, if any, be filed with this Court and served upon Plaintiffs' counsel on or before May 26, 2022 at 5:00 p.m.**;

(4) **Security in the amount of $100,000 be posted by Plaintiffs prior to May 26, 2022 at 5:00 p.m.**; and

(5) That **a status conference be set for May 25, 2022 at 9:00 a.m. The parties are ordered to appear.** Off-island counsel may appear virtually in coordination with the Clerk's Office.

DEFENDANT IS HEREBY NOTIFIED THAT ANY ACTION BY THEM IN VIOLATION OF THE TEMPORARY RESTRAINING ORDER MAY BE CONSIDERED AND PROSECUTED AS CONTEMPT OF THIS COURT.

DEFENDANT IS HEREBY FURTHER NOTIFIED THAT FAILURE TO ATTEND THE SHOW CAUSE HEARING SCHEDULED HEREIN SHALL RESULT IN THE IMMEDIATE ISSUANCE OF THE PRELIMINARY INJUNCTION, WHICH SHALL BE DEEMED TO TAKE EFFECT IMMEDIATELY UPON THE EXPIRATION OR DISSOLUTION OF THE TEMPORARY RESTRAINING ORDER HEREIN AND SHALL EXTEND DURING THE PENDENCY OF THIS ACTION THE SAME INJUNCTIVE RELIEF PREVIOUSLY GRANTED BY THE TEMPORARY RESTRAINING ORDER.

DEFENDANT IS HEREBY FURTHER NOTIFIED THAT THEY SHALL BE DEEMED TO HAVE ACTUAL NOTICE OF THE ISSUANCE AND TERMS OF SUCH PRELIMINARY INJUNCTION AND THAT ANY ACT BY THEM IN VIOLATION OF ANY OF ITS TERMS MAY BE CONSIDERED AND PROSECUTED AS CONTEMPT OF COURT.

The Court has granted the foregoing temporary restraining order for the reasons set forth below:

(1) Personal service of the Complaint in this action, together with Plaintiffs' emergency motion for temporary restraining order and preliminary injunction, and all accompanying papers, was made on Defendant on May 23, 2022;

(2) If this Court declines to grant a temporary restraining order, Plaintiffs will incur immediate and irreparable injury because Plaintiffs will be deprived of their contractual right to assert a force majeure defense at § 25 of the Casino License Agreement ("CLA") (ECF No. 1-2 at 17) and a procedural right to the dispute resolution process at § 30 of the CLA (ECF No. 1-2 at 18) which allows for arbitration and the opportunity to submit the arbitrator's decision to the Commonwealth Superior Court;

(3) The harm to Plaintiffs should this Court decline to grant Plaintiffs' motion for a temporary restraining order greatly outweighs any harm which Defendant may incur in the event this Court grants Plaintiffs' motion. Plaintiffs anticipate receiving $150 million financing before the end of May to make payments due to the Commonwealth Casino Commission and other creditors and to resume its operations. (*See* Decl. Xing 13 ¶ 51, ECF No. 7.) "[A]ny revocation of IPI's license following the CCC's hearing scheduled for 24-25 May

2022 puts at risk this much needed capital infusion." (*Id*. at 14 ¶ 52.) Therefore the balance of hardships tips decidedly in Plaintiffs' favor;

(4) Plaintiffs have raised serious questions going to the merits of requiring arbitration pursuant to § 30 of the CLA, namely whether Plaintiffs' alleged breaches of the CLA by Defendant, that are the subject of Enforcement Actions 2021-001-005 (consolidated), are excused under the Force Majeure clause in § 25 of the same Agreement; and

(5) The public interest would be served by the issuance of a temporary restraining order.

**Plaintiffs are ordered to serve a copy of this temporary restraining order on Defendant by hand delivering it to the offices of the Commonwealth Casino Commission at Unit 13 & 14F, Springs Plaza, Gualo Rai, Saipan 96950, Northern Mariana Islands by 12:00 p.m. on May 24, 2022. This temporary restraining order is issued this 23rd day of May, 2022 at 4:22 p.m. and shall expire on June 3, 2022 at 12:00 p.m., unless sooner terminated by this Court.**

IT IS SO ORDERED this 23rd day of May, 2022.

/s/ Ramona V. Manglona
_____
RAMONA V. MANGLONA
Chief Judge